LAW OFFICE OF
# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

July 7, 2022

**VIA ECF**

Hon. Katharine H. Parker, United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2022

Re: *Catahan et al v. Eco Community Cleaners Inc. et al*, 20 CV 1749 (AT) (KHP)

Dear Judge Parker:

  This firm represents the plaintiff in the above-referenced action. The plaintiff moves for leave to move to amend the complaint, for a Local Civil Rule 37.2 conference, and for an extension of discovery from June 30, 2022, to August 28, 2022, *nunc pro tunc*. Plaintiff asks to hold the 37.2 conference conference after July 24, 2022, because this attorney will be away and unable to use telephone or computers between July 13, 2022, and July 24, 2022. Plaintiff requires the extension to complete the below discovery and motion to amend the complaint. The parties conferred regarding this motion and were unable to reach agreement.

### Background

  This case involves plaintiff's allegation that the three dry cleaners he worked for failed to pay him properly. Plaintiff alleges violations of the Fair Labor Standards Act and New York Labor Law and the parties dispute the hours worked, the amount paid to plaintiff, the basis for plaintiff's pay, and whether plaintiff is exempt. Therefore, persons with knowledge of plaintiff's employment are crucial to the litigation of this action.

### Prospective Motion to Amend

  Plaintiff seeks to amend the complaint to add Y and I French Cleaners Inc. and the defendant Mr. Lee's wife as defendants. Today, defendant Sung Lee testified that he owned three dry cleaners, which are all the currently named corporate defendants, one of which, JYA Cleaners Inc., no longer exists. Mr. Lee also testified that the defendant JYA Cleaners Inc. changed corporate forms to Y and I French Cleaners Inc. d/b/a JYA Cleaners some time in 2015 and that plaintiff was employed by that company. Defendants failed to identify Y and I French Cleaners Inc. as a successor in interest to JYA Cleaners Inc. even though plaintiff asked for this information in plaintiff's interrogatory #1. *Compare* Interrogatories (ECF No. 94) to Defendants' Response to Interrogatories (ECF No. 112). Defendants concealed this name from plaintiffs, and therefore, plaintiffs were unable to amend the complaint sooner. Rule 15 of the Federal Rules of Civil Procedure states that "leave [to amend] shall be freely given when justice so requires." Defendants will not be prejudiced by this amendment.

Plaintiff also seeks to amend the complaint to add the defendant Sung Lee's wife as a defendant. Today, Mr. Lee testified that his wife owns Y and I French Cleaners Inc., and that his wife had the authority to hire and employees. Plaintiff needs to review the transcript to determine Mr. Lee's wife full name before drafting the amended complaint, or obtain the name through other means.

**Discovery Plaintiff is Seeking**

First, plaintiff also seeks to compel amended responses to plaintiff's interrogatory #2 pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii). Thereby, plaintiff seeks Mr. Lee's wife's full name, address, and telephone number. This information is also required pursuant to pursuant to defendants' obligations under Rule 26 of the Federal Rules of Civil Procedure. Plaintiff interrogatory #2 asks for identification of individuals with the power to hire and fire the plaintiff, which Mr. Lee testified his wife had authority to do. Once plaintiff obtains the full name of Mr. Lee's wife, the plaintiff will make a formal motion to amend the complaint and attach the amended complaint as an exhibit.

Second, plaintiff seeks to compel the identification of defendants' employees who were paid similarly to Mr. Catahan and have knowledge of his hours worked. Plaintiff requested this information pursuant to plaintiff's interrogatory #12 and #14, but defendants did not provide any names. *Compare* ECF No. 94 to 112. In deposition today, Mr. Lee referenced a few individuals such as Rubin, Erica, and Martin who Mr. Lee testified were paid similarly to plaintiff and have knowledge of his hours worked.

Third, plaintiff seeks amendment to defendants' response to Interrogatory #17, and to overrule defendants' objections to this interrogatory. This interrogatory asks for individuals that plaintiff had authority to hire and fire. Mr. Lee identified a few by first name (one of whom is still employed with defendants) in his deposition today but omitted them from his answer to the interrogatory. The first names provided today were Jonathan (still employed), Johnny, Michael, and two unnamed individuals. Plaintiff seeks full names, addresses, and phone numbers for these individuals.

Fourth, plaintiff seeks also seeks to overrule defendants' objections to Interrogatory #18 which seeks individuals with knowledge of defendants' affirmative defenses. One defense defendants have raised is that plaintiff acted as an exempt manager who made deals with other businesses on defendants' behalf. Mr. Lee today identified one individual who plaintiff allegedly made a deal with who is still a customer and who Mr. Lee may be able to obtain the contact information of. Plaintiff seeks the identification of this individual.

Fifth, plaintiff seeks to compel production of all of Mr. Lee's bank records related to the amount he paid Mr. Catahan in checks each week. Plaintiff seeks to compel these documents pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv) because plaintiff asked for these records in his document request #5. *See* ECF No. 95. Defendants have not provided comprehensive records of the check amounts Mr. Catahan was paid each week, and Mr. Lee testified today that these records exist. These documents are necessary to analyzing defendants' defenses.

I thank the Court for its time and consideration.

> Plaintiff's motion is granted in part and denied in part. Plaintiff's request to extend discovery until August 28, 2022 is granted.  Likewise, Plaintiff motion for a conference is granted.  In an effort to avoid motion practice, Plaintiff's request for leave to move to amend his complaint is denied without prejudice.  If the parties do not reach an agreement beforehand, Plaintiff shall renew his motion at the conference.  **The discovery conference is scheduled for August 23, 2022 at 3:45 p.m. The Parties should call into the court conference line at (866) 434-5269 Code: 4858267 at the scheduled time.**
>
> **SO ORDERED:**
>
> _Katharine H. Parker_   7/11/2022
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

_John M. Gurrieri_

John M. Gurrieri

3