UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NOEL G. CATAHAN,

                               Plaintiff,

        -against-

ECO COMMUNITY CLEANERS INC., ET AL.,

                              Defendants.
-----------------------------------------------------------------X

**20-CV-1749 (SHS) (KHP)**

**OPINION ON MOTION FOR RECONSIDERATION**

**TO: THE HONORABLE SIDNEY H. STEIN, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       On January 16, 2025, the undersigned issued a Report and Recommendation on Plaintiff's Motion to Correct Judgment (ECF No. 194) and Motion for Attorneys' Fees and Costs (ECF No. 197) recommending that both motions be granted. (ECF No. 200) On January 30, 2025, Plaintiff filed objections to the Report and Recommendation, which the Court construes as a Motion for Reconsideration (the "Motion"). (ECF No. 202) In the Motion, Plaintiff contends that this Court recommended awarding Plaintiff his taxable costs in place of nontaxable expenses, which if corrected, would mean the amount awarded should be $417.19 instead of the $1,757 that this Court recommended. Additionally, Plaintiff asks the Court to award him additional attorneys' fees for an additional 21.9 hours of attorney time and an additional $82.73 in costs that were not included in the original Motion for Attorneys' Fees and Costs (which was filed on September 13, 2024).

## DISCUSSION

### 1. Legal Standard

A Motion for Reconsideration is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. Reconsideration, which is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citation omitted). The Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." S*hrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is justified where the moving party demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007). The standard aims to prevent a losing party from "plugging the gaps of a lost motion with additional matters." *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). In other words, a Motion for Reconsideration is not an opportunity for the moving party to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). A Motion for Reconsideration should be denied "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

### 2. Correction to Amount of Costs Recommended

Plaintiff points to a clear error in my prior Report and Recommendation, which mistakenly used the amount of taxable costs (i.e., $1,757) instead of the amount of nontaxable expenses (i.e., $417.19). (ECF No. 202 p. 1-2) Accordingly, Plaintiff's Motion for Reconsideration is GRANTED insofar as it seeks a correction to the amount of costs I recommended be awarded. Accordingly, my Report and Recommendation is amended to reflect that I am recommending Plaintiff be awarded $417.19 in respect of nontaxable expenses. I am issuing an Amended Report and Recommendation consistent with this Opinion.

### 3. Request for an Award of Additional Nontaxable Expenses and Attorneys' Fees Incurred Since Filing the Motion for Attorneys' Fees and Costs

In addition to requesting reconsideration and correction to this Court's prior Report and Recommendation on costs, Plaintiff asks the Court to award him the additional amount of $82.73 in respect of additional nontaxable expenses incurred since filing his initial Motion for Attorneys' Fees and Costs. This additional amount is comprised of an additional $61.48 in postage, $1.10 for mailing supplies, and $20 for research database fees. However, the Court's own calculation of these additional expenses totals $82.58, a slightly lower number than Plaintiff requests. (ECF No. 202 at p. 3-4)

And, although my prior Report and Recommendation recommended an award of attorneys' fees in the amount of $32,835 – the exact number requested by Plaintiff – Plaintiff now requests an additional $8,825 in attorneys' fees for time incurred after submitting the prior Motion for Attorneys' Fees and Costs. Plaintiff's counsel says this request is for an additional 20.6 hours spent by Brandon Sherr and 1.3 hours spent by Justin Zeller. In reviewing the time records submitted, however, it appears that the total attorney hours post-dating the filing of

3

the Motion for Attorneys' Fees and Costs is 18.9 (with 1.3 being incurred by Mr. Zeller and the remaining 17.6 being incurred by Mr. Sherr).[1]  At the rates requested, $400 for Mr. Sherr and $450 for Mr. Zeller, the Court calculates the total additional fees incurred to be $7,625, not the $8,825 requested.

The time records show that these additional hours were incurred for "enforcement," "post-trial motions and submissions," reviewing and analyzing unspecified matters, drafting and revising unspecified documents, managing data and files, unspecified research, communicating with the Plaintiff and internal firm communications.  The time sheets give little clarity as to why this time was incurred, except it appears some of the time post-dating January 16, 2025 relates to the preparation of the instant motion.  Plaintiff does not explain why the time spent was reasonable.

Plaintiff is submitting the request for additional nontaxable expenses and attorneys' fees for the first time after the Court already ruled on these issues in its January 16, 2025 Report and Recommendation.  Plaintiff does not point to any case where a court awarded additional costs and fees that were requested for the first time in connection with a Motion for Reconsideration (or in connection with an objection to a Report and Recommendation).[2]  Nor does Plaintiff set

---

[1] Plaintiff previously submitted a time sheet reflecting 87.3 total hours (not 84.3 total hours as Plaintiff contends), consisting of 50.6 hours spent by lead counsel Brandon Sherr, 35.7 hours spent by his associate John Gurrieri, and 1 hour spent by legal assistant Neil Patil.  (ECF No. 198-1)  Plaintiff's updated time sheet reflects an additional 18.9 hours, not 21.9 hours.  (ECF No. 202-1)

[2] The law is clear that a party cannot raise new matters or legal arguments in an objection to a Report and Recommendation.  *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all"); *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (rejecting argument raised for the first time as objection to report and recommendation).

4

forth the specific reasons for these additional costs and fees or provide case law suggesting he can make successive applications to the court for attorneys' fees and costs in connection with post-judgment work. Accordingly, the Motion is denied with respect to the request for additional attorneys' fees and costs.

## **CONCLUSION**

For the reasons set forth above, I GRANT the Motion for Reconsideration to the extent it requests that this Court's January 16, 2025 Report and Recommendation be corrected to reflect a recommended award of nontaxable expenses in the amount of $417.19 and otherwise deny the Motion for Reconsideration. Contemporaneously with this Opinion, I am issuing an Amended Report and Recommendation reflecting the correction.

**DATED:** February 6, 2025
New York, New York

Respectfully submitted,

_____
KATHARINE H. PARKER
United States Magistrate Judge